IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                     :        CASE NO.  13-05496  (ESL)

EMPRESAS COLON ALICEA, INC.                :        CHAPTER   11

                                           :

        Debtor                             :

_____   :

OPINION AND ORDER

        This case came before the court on October 8, 2013 for a hearing to consider two interrelated contested matters; the debtor's motion requesting sanctions against Banco Santander de Puerto Rico ("BSPR") and the motion to lift the automatic stay filed by BSPR.  The parties agreed that the relevant facts were uncontested and that the pending issues are legal issues.  The court granted the parties twenty-one (21) days to file a joint motion detailing the uncontested facts and separate legal memoranda in support of their respective positions.  The joint statement of undisputed facts was filed on October 29, 2013.  The joint motion includes the relevant documents in support of each fact.  The legal memoranda was filed on October 31, 2013.

        The debtor alleges that it has a possessory interest in the property it is presently occupying, that such interest is property of the estate, and that, consequently, it is protected by the automatic stay provisions of 11 U.S.C. § 362 (a). BSPR alleges that the automatic stay provisions of § 362 (a) are not applicable under the facts of the case; that even if they were, BSPR has not pursued any action against the debtor since petition date; and that if the automatic stay is in effect, the court should lift the same in favor of BSPR to evict the debtor from property acquired by BSPR prepetition, property that the debtor occupies without any valid contract.

UNCONTESTED FACTS

        The uncontested facts are the following:

        1.  The debtor in possession is a corporation, incorporated in 2005 under the Laws of the Commonwealth of Puerto Rico.

        2.  The debtor in possession operates a cement block factory and also engages in the extraction

of sand, gravel, and aggregates in property located at Carr. 129, Km. 5.7, Bo. Hato Arriba, Arecibo, Puerto Rico.

3. On July 17, 2009 the debtor corporation entered into a commercial lease agreement with the previous owner of the property, Luis Rubén Colón Mora, for a period of five years, effective as of July 1, 2009. The contract attached as Exhibit 1 shows that it was given on August 17, 2009 and signed on August 1, 2009. The difference in the dates does not affect the outcome of the case. The lease payments were in the sum of $2,500 initially, and subsequently reduced to monthly installments of $1,000.

4. The debtor obtained licenses and permits to operate the business indicated above. The same were issued by the Department of Natural Resources and other pertinent governmental agencies.

5. The debtor has been using and occupying the property since 2009.

6. BSPR is aware about the debtor's occupancy and possession of the property for at least the past year.

7. The debtor filed a bankruptcy petition under chapter 11 of the Bankruptcy Code on July 2, 2013.

8. The real estate property located at Carr. 129, Km. 5.7, Barrio Hato Arriba, Arecibo Puerto Rico, formerly owned by Luis R. Colón Mora and Rita Milagros Alicea, was adjudicated to BSPR at a judicial sale held on September 19, 2012. On that same date, a deed of judicial sale was signed in the sum of $1,2666,666.66, in partial payment of the judgment. The judicial sale and the signing of the deed were completed several months prior to the filing of the bankruptcy petition. The deed of sale was presented before the Registry of the Property prior to the filing of the petition and is pending to be recorded.

9. The property was sold at a judicial sale as a result of a foreclosure of mortgage and collection of monies complaint filed by BSPR against Luis R. Colón Mora and Rita Milagros Alicea in civil case # CCD2011-0079 (302), Superior Court of Puerto Rico, Arecibo Part.

10. Debtor's President, Secretary and Treasurer are the three (3) sons of Luis R. Colón Mora and Rita Milagros Alicea, the former owners of the real estate property that was foreclosed by BSPR for default in the mortgage payments.

2

11. The debtor attempted to intervene in the local foreclosure case, CCD2011-0079 (302), before the Superior Court of Puerto Rico, Arecibo Part, alleging it had a lease agreement over the foreclosed property. The debtor filed a motion to dismiss and the same was denied by the state court in June 2013.

12. There is no contractual relationship between the debtor and BSPR, and there has never been an agreement between the parties to allow for the debtor's use of the foreclosed property now owned by BSPR.

13. The debtor has not paid any rent to BSPR, and has occupied the property for free during the entire term that has elapsed from the date of the foreclosure held on September 19, 2012.

14. On October 5, 2012, the state court issued an order in the foreclosure of mortgage case, CCD2011-0079 (302), and writ.

APPLICABLE LAW

When a debtor files for bankruptcy, "all [of his/her/its] legal and equitable interests ... in property as of the commencement of the case" become part of the bankruptcy estate. 11 U.S.C. § 541(a). The bankruptcy estate is created automatically by operation of law immediately after the bankruptcy petition is filed. See 11 U.S.C. § 541(b); Hon. Nancy C. Dreher, Hon. Joan N. Feeney and Michael J. Stepan, Esq., Bankruptcy Law Manual, Volume 1, §§ 5:1-5:2 (2012-2) pp. 944-946. "It is from this central core of estate property that the debtor's creditors will be paid". Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶ 541.01 (16th ed. 2013).

Property and interests in property are determined with reference to state law, in the absence of any controlling federal law. See *Barnhill v. Johnson, 503 U.S. 393, 398, (1992); Butner v. United States, 440 U.S. 48, 54-55, (1979) ; In re Pina, 363 B.R. 314, 322-323, (Bankr. D. Mass. 2007)*. Under Puerto Rico law, title of real property sold at a public auction in a foreclosure proceeding passes to the purchaser upon the execution of the public deed and the same is presented before the Registry of Property. In re Ramos Rodriguez, 334 B.R. 754 (1st Cir. BAP 2005); In re Hernandez, 244 B.R. 549 (Bankr. P.R. 2000); In re Ortiz, 306 B.R. 727 (Bankr. P.R. 2004).

The uncontested facts in this case show that the public deed transferring title to BSPR and the presentation of the same before the Registry of the Property were executed prepetition. Thus, as of

3

petition date, the owner of the property was BSPR. The debtors were occupying the property but had no contractual relation with BSPR.

The automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code. It gives the debtor a "breathing spell" from creditors and it stops all collection efforts, all harassment, and all foreclosure actions. H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 340-342 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 54-55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840, 6296-97. "It allows the debtor to attempt a repayment or reorganization plan or simply be relieved of the financial pressures that drove him into bankruptcy." Id. The automatic stay prohibits "any act to create, perfect, or enforce any lien against property of the estate." 11 U. S.C. §362(a)(4). Despite the fundamental importance of the automatic stay, Congress has allowed certain exceptions to the automatic stay, such as those included under Section 362(b) of the Bankruptcy Code. See 229 Main St. Ltd. Pshp. v. Mass. EPA (In re 229 Main St.), 262 F. 3d 1, 3-4 (1st Cir. 2001).

As of petition date, the property was owned by BSPR. In fact, the property was not owned by the debtors prior to BSPR. The debtor had a lease with the prior owner. The lease was executed for a period of five years effective July 1, 2009. The lease could not be registered in the Registry of Property as it did not exceed six (6) years. 30 L.P.R.A. § 2201. In any event, there is no allegation regarding the inscription of the lease. Nonetheless, it is important for the outcome of the matters pending before this court.

Pursuant to Article 1461 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 4068, the purchaser of a leased property may terminate the lease as of the date it acquired the property, unless the lease is registered in the Registry of Property. If the lease is not registered, then the lessee has no right over the property and the new owner may terminate the lease. Garage Coop. v. Arco Caribbean, Inc., 111 D.P.R. 52, 54 (1981). In addition, the party acquiring the property may have a right to claim the reasonable value for the use of the premises. Duchesne Landrón v. Ruiz Arroyo, 102 D.P.R. 699, 703 (1974); Riera v. Pizá, 85 D.P.R. 268, 278 (1962).

CONCLUSION

In view of the foregoing, the court concludes that the debtor has no legal or equitable rights over the property it now occupies gratis.

4

Consequently, the debtor's motion against BSPR alleging for violation of the automatic stay is denied; and the motion by BSPR to evict the debtor is hereby granted.

SO ORDERED.

In San Juan, Puerto Rico, this 17th day of January, 2014.

Enrique S. Lamoutte
United States Bankruptcy Judge